IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

       Plaintiff,

vs.                                                                                            No. CIV 03-0051 JB/LFG

AARON ZANFINI KRAMER, GA LACKEY,
ROBERT MCKENZIE, LUIS A. PALACIOS,
FERNANDO SANCHEZ, JESS SANCHEZ,
DAVID SHARPNACK, SAMMY TORRES,
CHUCK VONHENTSCHEL and RICHARD WARD,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff DIRECTV, Inc.'s Motion to Compel Discovery Responses by Defendant Robert McKenzie, filed February 11, 2004 (Doc. 66). The primary issues are whether the Court should order McKenzie to respond to written discovery, should deem admitted the requests for admission, and should order McKenzie to reimburse DIRECTV for its fees and costs in preparing this motion. Because McKenzie has not responded to written discovery or to this motion, the Court will grant this motion.

**PROCEDURAL BACKGROUND**

On December 1, 2003, DIRECTV served McKenzie with interrogatories, and with requests for production and inspection. See Certificate of Service, filed December 1, 2003 (Doc. 43). McKenzie's answers to interrogatories and responses to requests for production were due no later than January 5, 2004. As of the time that DIRECTV filed this motion, McKenzie's answers and responses were more than five weeks overdue.

On December 18, 2003, DIRECTV served McKenzie with requests for admission. See Certificate of Service, filed December 18, 2003 (Doc. 49). McKenzie's responses to the requests for admission were due no later than January 20, 2004. As of the time DIRECTV filed this motion, his responses were approximately three weeks overdue.

The current docket reflects that McKenzie has not responded to these discovery requests since the time DIRECTV filed its motion to compel. He has not contacted DIRECTV's counsel for an extension of time in which to do so. DIRECTV has sent correspondence to McKenzie about his failure to respond to discovery. McKenzie has not responded to that correspondence.

DIRECTV moves the Court to enter an order compelling McKenzie to respond to DIRECTV's interrogatories and requests for production, and deeming admitted the requests for admission. DIRECTV also seeks its fees and costs associated with bringing this motion. McKenzie has not responded to this motion.

## **ANALYSIS**

McKenzie has not responded to DIRECTV's discovery requests, nor has he obtained or moved for a protective order relating to those requests. This inaction provides grounds warranting a court order compelling him to produce the requested documents, to allow inspection of tangible things, to fully answer the interrogatories, and to deem that he has admitted each of the requests for admission. Further, these grounds are a sufficient basis to require McKenzie to reimburse DIRECTV for the costs of bringing this motion.

Unless a court finds that the failure to respond was substantially justified, or that other circumstances make an award of attorney's fees unjust, a court "shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees" of the party seeking discovery. See

Fed. R. Civ. P. 37(d). A party is not excused from a failure to respond to written discovery on the basis that the discovery is objectionable unless that party has a pending motion for protective order. See id. McKenzie has not filed a motion for protective order with regard to any discovery request, nor did he contact DIRECTV about an extension of time to respond.

The Court will order McKenzie to respond to DIRECTV's requests for production and inspection and interrogatories. The Court will also order that all of DIRECTV's requests for admission to McKenzie will be deemed admitted. Finally, the Court will order McKenzie to reimburse DIRECTV for its attorney's fees incurred in bringing this motion to compel.

**IT IS ORDERED** that Plaintiff DIRECTV, Inc.'s Motion to Compel Discovery Responses by Defendant Robert McKenzie is granted. McKenzie shall respond to DIRECTV's interrogatories and requests for production and inspection within ten days of this order. McKenzie is deemed to have admitted each of DIRECTV's requests for admission. McKenzie shall reimburse Plaintiff's reasonable attorney's fees incurred in filing this motion for his failure to respond to written discovery requests.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

William C. Scott
Stanley N. Harris
Valerie V. Vigil
Anna E. Tuttle
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

>*Attorneys for the Plaintiff*

Corbin P. Hildebrandt
Robert P. McNeill
Corbin Hildebrandt, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant Fernando Sanchez*

Michael T. Milligan
El Paso, Texas

>*Attorney for Defendant Luis A. Palacios*

Robert McKenzie
Albuquerque, New Mexico

>*Pro Se Defendant*

Jess Sanchez
Albuquerque, New Mexico

>*Pro Se Defendant*

David Sharpnack

>*Pro Se Defendant*

Sammy Torres

>*Pro Se Defendant*