IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

        Plaintiff,

vs.                                                                   No. CIV 03-0051 JB/LFG

AARON ZANFINI KRAMER, G.A. LACKEY,
ROBERT MCKENZIE, LUIS A. PALACIOS,
FERNANDO SANCHEZ, JESS SANCHEZ,
DAVID SHARPNACK, SAMMY TORRES,
CHUCK VONHENTSCHEL and RICHARD WARD,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff DIRECTV, Inc.'s Amended Motion to Extend Discovery Deadline, filed January 8, 2004 (Doc. 56). The primary issue is whether the Court should give DIRECTV an extension of time to depose the remaining defendants in this case. Because some extension is necessary to allow DIRECTV to complete discovery in this case, the Court will grant DIRECTV's motion.

## PROCEDURAL BACKGROUND

DIRECTV included multiple defendants within the many lawsuits it filed. On July 23, 2003, the Honorable Lorenzo F. Garcia, United States Magistrate Judge, entered an order consolidating all of the then pending cases that DIRECTV had filed. The Order of Consolidation established a discovery deadline of January 22, 2004.

Of the more than one hundred and fifty defendants in the consolidated cases, eighty have settled or are in default. Thus, as of January, 2004, there were seventy defendants whom DIRECTV

wanted to depose.

DIRECTV represents that it has been diligently working to meet the discovery deadlines in these cases. DIRECTV sent its initial and expert disclosures, interrogatories, requests for admission, and requests for production to all named defendants in these cases more than thirty days before the close of the current discovery period. DIRECTV received several responses to the interrogatories, requests for admission, and requests for production that it propounded on all defendants and, in many cases, granted extensions to defendants who have requested more time to respond to discovery requests. In this case, Defendants G.A. Lackey and Fernando Sanchez promptly responded to DIRECTV's considerable discovery, without requesting any extensions.

On December 24, 2003, DIRECTV sent a letter to all defense counsel and *pro se* defendants requesting that those counsel and *pro se* defendants contact DIRECTV, and provide a date between the 5th and the 22nd of January on which they would be available for deposition. Of the seventy letters that DIRECTV sent, DIRECTV received a response from only five defendants. Within forty-eight hours after receiving the letter dated December 24, 2003 requesting arrangements of depositions, Lackey and Fernando Sanchez' counsel cooperatively arranged for their depositions. There has been no lack of cooperation between Lackey and Fernando Sanchez, and DIRECTV.

DIRECTV subsequently sent notices for depositions to the defendants who failed to respond to DIRECTV's request for a deposition time. To comply with the two-week requirement for noticing a deposition, DIRECTV was noticing depositions for the 20th, 21st, and 22nd of January. It was not possible for DIRECTV to depose all seventy defendants by the current deadline of January 22nd.

DIRECTV moves the Court for an order extending the discovery deadline that Judge Garcia established in his July 23, 2003 Order of Consolidation. Given the size of these consolidated cases,

-2-

and the lack of cooperation DIRECTV received in connection with its efforts to schedule depositions, DIRECTV did not contact remaining counsel to seek concurrence in this motion to extend the discovery deadline in these cases before filing this motion. DIRECTV requests that the current discovery deadline be extended until April 22, 2004 so that DIRECTV may depose the remaining defendants in the consolidated cases.

Of the ten defendants in this case, only Defendants G.A. Lackey and Fernando Sanchez filed a response in opposition to this motion. Lackey has since settled the case against him and is no longer a party to this case. Sanchez is in the process of settling. Hence, this motion is, for all practical purposes, unopposed.

## **ANALYSIS**

Lackey and Sanchez argued that DIRECTV should have anticipated the discovery difficulties of which it complains in its motion. Lackey and Sanchez contended that the consolidation of various cases should have worked to facilitate DIRECTV's proper noticing of those defendants which DIRECTV's counsel thought were appropriate candidates for depositions. Lackey and Sanchez assert that DIRECTV's counsel chose to wait until the eve of the running of the same deadlines they are complaining of and chose to send out letters on Christmas Eve to counsel whom they could have reasonably anticipated would either not be available or at least would be extremely inconvenienced in trying to arrange depositions between the Christmas and New Year's holidays or shortly thereafter.

While the Court shares some of the concerns that Lackey and Fernando Sanchez raised, this motion remains largely unopposed. Moreover, an extension of the discovery deadline is necessary if DIRECTV intends to depose all remaining defendants in the consolidated cases. It is fair and equitable that the Court grant DIRECTV an extension of time for discovery, and there is no apparent

prejudice to the remaining defendants. The Court will extend all other deadlines as necessary for the convenience of the parties and of the Court at the status conference set for May 27, 2004.

**IT IS ORDERED** that Plaintiff DIRECTV, Inc.'s Amended Motion to Extend Discovery Deadline is granted and the discovery deadline is extended until April 22, 2004.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

William C. Scott
Stanley N. Harris
Valerie V. Vigil
Anna E. Tuttle
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Corbin P. Hildebrandt
Robert P. McNeill
Corbin Hildebrandt, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendants G.A. Lackey and Fernando Sanchez*

Michael T. Milligan
El Paso, Texas

   *Attorney for Defendant Luis A. Palacios*

Robert McKenzie
Albuquerque, New Mexico

    *Pro Se Defendant*

Jess Sanchez
Albuquerque, New Mexico

    *Pro Se Defendant*

David Sharpnack

    *Pro Se Defendant*

Sammy Torres

    *Pro Se Defendant*